**Affirm and Opinion Filed April 26, 2022**



**In the**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-21-00280-CR**

**LEWIS TERRELLE SLEDGE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 405th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 19-CR-3793**

## MEMORANDUM OPINION

Before Justices Myers, Carlyle, and Goldstein
Opinion by Justice Carlyle

Following appellant Lewis Terrelle Sledge's not-guilty plea, a jury convicted him of assault of a peace officer. The trial court assessed punishment at five years' imprisonment, probated for three years. Mr. Sledge contends the trial court erred by sustaining the State's objection to his jury voir dire. We affirm in this memorandum opinion.[1] *See* TEX. R. APP. P. 47.4.

---

[1] Pursuant to its docket equalization authority, the Supreme Court of Texas transferred this appeal from the Fourteenth District Court of Appeals in Houston to this Court. *See* TEX. GOV'T CODE § 73.001.

The indictment in this case alleged that during a traffic stop, Mr. Sledge caused bodily injury to a police officer who was attempting to arrest or detain him. During the State's jury voir dire, the prosecutor stated to the jury panel (1) "self-defense often comes up" in this type of case and (2) under the Texas Penal Code, "the only time use of force against an officer that's trying to arrest or detain a person—even though the arrest or detention might be unlawful—is justified" is "if before the actor offers any resistance, . . . the peace officer uses or attempts to use greater force than necessary to make the arrest or search" and the actor "reasonably believes the force is immediately necessary to protect himself against the peace officer's use or attempted use of the greater force than necessary."

During the defense's voir dire, defense counsel stated, among other things:

[DEFENSE COUNSEL]: . . . So if Mr. Sledge or any defendant— anybody in this room is afforded the same protection, guilty or not, you may be guilty of some underlying problem; but an officer's use of more force than is necessary is not justified and justifies the actions of a person being arrested, even if they are guilty of the underlying offense.

[PROSECUTOR]: Objection to that as a misstatement of the law.

THE COURT: I'm going to sustain the objection. We're getting more into argument probably than voir dire at this time.

[DEFENSE COUNSEL]: I'll move it along, Judge.

THE COURT: Thank you.

[DEFENSE COUNSEL]: So I'll ask you guys, you lucky 12 there are going to make this panel, to keep that in mind as to the critical question in this case, was greater force being used than is necessary?

Then, defense counsel concluded the defense's voir dire.

We review a trial court's limitations on voir dire under an abuse of discretion standard. *E.g.*, *Castruita v. State*, 584 S.W.3d 88, 102 (Tex. App.—El Paso 2018, pet. ref'd). A trial court abuses its discretion during voir dire if the court prohibits a proper question about a proper area of inquiry. *Sells v. State*, 121 S.W.3d 748, 755–56 (Tex. Crim. App. 2003). "A question is proper if it seeks to discover a juror's views on an issue applicable to the case." *Id*. at 756.

To preserve error, an appellant "must show that he was prevented from asking particular questions that were proper." *Jones v. State*, No. 14-16-00444-CR, 2017 WL 3567911, at *2 (Tex. App.—Houston [14th Dist.] Aug. 17, 2017, pet. ref'd) (mem. op., not designated for publication) (quoting *Sells*, 121 S.W.3d at 756). It is not enough to show that the trial court "generally disapproved of an area of inquiry from which proper questions could have been formulated." *Id*. (quoting *Sells*, 121 S.W.3d at 756). In that circumstance, a trial court might have allowed a proper question if a question had been submitted for the court's consideration. *Id*. (quoting *Sells*, 121 S.W.3d at 756). An appellant does not preserve error by simply informing the trial court of the general subject matter on which the appellant wanted to question a prospective juror. *Id*.

Here, Mr. Sledge contends the trial court erred by sustaining the State's above-described objection because "Appellant's question focused on the presumption of innocence and the proper use of extraneous offenses" and the trial court's ruling

"improperly limited Appellant's right to an impartial jury." According to Mr. Sledge, "Counsel for Appellant asked a proper question to the jury panel during voir dire. Counsel's question asked the jury panel if they could fairly judge the facts of the case on trial, namely—assault of a peace officer—whether or not a defendant may be guilty of the underlying reason for the officer's interaction with the defendant." He argues, "Whether or not a defendant is guilty of an underlying offense does not limit a defendant's right to defend himself against an officer's use of excessive force to make a detention/arrest. This was the heart of Appellant's voir dire question, which the trial court improperly prevent [sic] him from exploring."

The record shows the State objected to defense counsel's statement that purportedly explained the law regarding use of force against an arresting peace officer. Though Mr. Sledge describes this objected-to portion of voir dire as a "question," defense counsel's statement did not include any question, nor did defense counsel explain to the trial court why it would lead to any questions. Under these circumstances, Mr. Sledge's complained-of error was not preserved. *See id*. (concluding appellant's complaint regarding trial court sustaining State's "misstatement of the law" objection to appellant's explanation of reasonable doubt during voir dire was not preserved because record did not show appellant was prevented from asking particular question that was proper); *Page v. State*, No. 03-12-00137-CR, 2013 WL 4487546, at *5 (Tex. App.—Austin Aug. 15, 2013, pet. ref'd) (mem. op., not designated for publication) (concluding appellant did not

–4–

preserve error regarding trial court sustaining State's objection to defense counsel's voir dire "misstatement" describing forensic interviewers as "law enforcement people," because appellant "never proposed any specific questions" and did not show he was prevented from asking proper question); *see also Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012) (party's complaint in trial court must comport with its complaint on appeal); TEX. R. APP. P. 33.1(a).

Additionally, to the extent Mr. Sledge contends the "misstatement of the law" ground for the State's objection is not supported by the record, we disagree. The objected-to portion of voir dire omitted any mention that the actor's use of force in these circumstances can be justified only if the officer uses or attempts to use excessive force before the actor offers any resistance. *See* TEX. PENAL CODE § 9.31(c). Thus, the trial court did not abuse its discretion by sustaining the State's objection. *See Thompson v. State*, 95 S.W.3d 537, 541 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (voir dire questions or hypotheticals that misstate law are improper); *see also Page*, 2013 WL 4487546, at *6 (concluding trial court did not abuse discretion by sustaining State's objection to defense counsel's misstatement during voir dire).

We affirm the trial court's judgment.

<div style="float:right">
/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE
</div>

210280f.u05
Do Not Publish
Tex. R. App. P. 47.2(b)



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

LEWIS TERRELLE SLEDGE,
Appellant

No. 05-21-00280-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 405th District
Court, Galveston County, Texas
Trial Court Cause No. 19-CR-3793.
Opinion delivered by Justice Carlyle.
Justices Myers and Goldstein
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.


Judgment entered this 26th day of April, 2022.